IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN F. LUCAS, an individual,            )<br>                                                              )<br>                        Plaintiff,              )<br>                                                              )<br>vs.                                                         )        Case No. CIV-08-919-M<br>                                                              )<br>LIBERTY LIFE ASSURANCE              )<br>COMPANY OF BOSTON, a                   )<br>foreign insurance company,                  )<br>                                                              )<br>                        Defendant.           ) | |

**ORDER**

Before the Court is Defendant's Motion to Stay Proceedings and Brief in Support, filed September 29, 2009. On October 2, 2009, Plaintiff's response was filed. On October 5, 2009, Defendant's Reply to Plaintiff's Response was filed. Based upon the parties' submissions, the Court makes its determination.

I.  Background

This case arises under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1001 et. seq. Plaintiff is a former employee of The Coca-Cola Company. Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), issued a disability insurance policy which provided long-term disability benefits for employees of The Coca-Cola Company and is the claim administrator for the disability plan.

Plaintiff filed a claim for benefits under the Coca-Cola Company Long Term Disability Plan. Liberty Life denied Plaintiff's claim for benefits on September 22, 2007. On June 19, 2008, Plaintiff appealed that decision which was upheld by Liberty Life. On September 2, 2008, Plaintiff filed the instant action.

II.     Discussion

Liberty Life moves this Court to enter an order staying the proceedings herein to allow it to reopen and review Plaintiff's claim for long term disability benefits.  Specifically, Liberty Life asserts that the Administrative Record, which was filed with the Court and relied on by Liberty Life in initially denying Plaintiff's claim, did not include the final and correct version of medical reports submitted by Shaun Smith, M.D. and that Plaintiff's claim should be reopened to allow it to reconsider its denial of Plaintiff's claim in light of Dr. Smith's final report.

Plaintiff, however, contends there is simply not that much difference between the two medical reports submitted by Dr. Smith and that there is no need to reopen his claim.  Plaintiff further contends that if the Court allows his claim to be re-opened, any review should be limited to Dr. Smith's final report only and Plaintiff's benefits should be reinstated until the review is complete.

As part of the evaluation process, Dr. Smith conducted an independent medical examination of Plaintiff on June 12, 2007.  A medical report dated June 14, 2007, was submitted by Dr. Smith to Liberty Life relative to this examination and is the report included in the Administrative Record filed in this case.  Plaintiff, through independent means, collected its own copy of Dr. Smith's report relative to the June 12, 2007, examination.  The report Plaintiff collected is different than that contained within the Administrative Record.

Having carefully reviewed the parties' submissions, the Court finds that reopening Plaintiff's claim is appropriate. Specifically, the Court finds that a re-review of Plaintiff's claim is necessary to ensure the fairness of the claim process.  Additionally, a re-review of Plaintiff's claim possibly could lead to a reversal of Liberty Life's denial of Plaintiff's claim, which is the subject of this

action. Finally, the Court finds Plaintiff has failed to submit any evidence of hardship that would result from the re-opening of his claim.

Because it will be re-opening Plaintiff's claim, Liberty Life asks the Court to stay these proceedings. This case, however, must be dismissed rather than stayed because this Court no longer has subject matter jurisdiction. Specifically, the Court finds that because Liberty Life is re-opening Plaintiff's claim, this action is no longer ripe because the administrative record is not finalized. *See Schwob v. Standard Ins. Co.,* 37 F. Appx. 465 (10th Cir. 2002).

III.   Conclusion

For the reasons set forth above, the Court DENIES Defendant's Motion to Stay Proceedings [docket no. 28] and DISMISSES this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 16th day of October, 2009.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE